ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 15, 2003

The Honorable Joe F. Grubbs
Ellis County and District Attorney
1201 North Highway 77, Suite B
Waxahachie, Texas 75165-5140

Opinion No. GA-0132

Re: Whether the mayor of a home-rule city is prohibited by article XVI, section 40 of the Texas Constitution or the common-law doctrine of incompatibility from serving as a county purchasing agent under section 262.0115 of the Local Government Code (RQ-0076-GA)

Dear Mr. Grubbs:

You ask whether the mayor of a home-rule city is prohibited by article XVI, section 40 of the Texas Constitution or the common-law doctrine of incompatibility from serving as a county purchasing agent under section 262.0115 of the Local Government Code.[1]

You inform us that Ellis County is considering creating a purchasing-agent position under section 262.0115 of the Local Government Code, which authorizes the commissioners court in a county with a population of more than 100,000 to "employ a person to act as county purchasing agent." TEX. LOC. GOV'T CODE ANN. § 262.0115(a) (Vernon Supp. 2004). A county employee who is also the mayor of Midlothian, Texas, a home-rule city located in Ellis County, currently assists the commissioners court with purchasing. See Request Letter, supra note 1, at 1. If the commissioners court creates the purchasing-agent position, that employee might be selected to fill it. See id. He has asked you whether his appointment to the county position would affect "his ability to serve as Mayor of Midlothian with respect to dual office holding or incompatibility of office." Id.

You have concluded that the Texas Constitution's dual-office-holding prohibition "does not prevent the Mayor from also serving as a statutory purchasing agent." Id. at 2. Article XVI, section 40 of the Texas Constitution prohibits dual office holding, providing that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." TEX. CONST. art. XVI, § 40(a). An "emolument" for purposes of article XVI, section 40 is any "pecuniary profit, gain or advantage," Irwin v. State, 177 S.W.2d 970, 973 (Tex. Crim. App. 1944), including any amount received in excess of actual expenses, see Tex. Att'y Gen. Op. No. GA-0032 (2003) at 2, such as an expense

---

[1]See Letter from Honorable Joe F. Grubbs, Ellis County and District Attorney, to Honorable Greg Abbott, Texas Attorney General, at 1 (June 30, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

allowance or per diem, *see id.*, Tex. Att'y Gen. Op. No. JM-704 (1987) at 2. An "emolument" does not include the reimbursement of actual expenses. *See* Tex. Att'y Gen. Op. Nos. DM-55 (1991) at 2, MW-21 (1979). You inform us that the mayor of Midlothian receives no emolument. *See* Request Letter, *supra* note 1, at 1-2. Thus, the constitutional dual-office-holding prohibition is inapplicable.

On the other hand, you believe that the common-law doctrine of incompatibility precludes the mayor from serving as purchasing agent. *See id.* at 2-3. The common-law doctrine of incompatibility is "not a single doctrine," but comprises three aspects: (1) conflicting loyalties; (2) self-appointment; and (3) self-employment. *See* Tex. Att'y Gen. Op. No. JC-0564 (2002) at 1. The first two strands arise when a person holds two public offices, prohibiting public officers from holding offices with conflicting public duties and precluding public bodies from appointing one of their members to another office. *See id.* at 1-2 (citing *Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't adopted) and *Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928)). The last strand arises when a person holds an office and an employment. It prevents a public officer from serving in an employment position that the public officer supervises. *See id.* at 2 (citing Tex. Att'y Gen. LA-114 (1975)); *see also* Tex. Att'y Gen. Op. No. JC-0225 (2000) at 2 (common-law doctrine of incompatibility bars one person from holding "an office and employment if the office has a supervisory role over the employment").

You are concerned that the mayor's service as county purchasing agent may violate conflicting-loyalties incompatibility, which would also affect his status as mayor. *See* Request Letter, *supra* note 1, at 3-4; Tex. Att'y Gen. Op. No. GA-0015 (2003) at 5 (concluding that an officeholder who accepts and qualifies for a second office that is incompatible with the first under conflicting-loyalties incompatibility automatically resigns the first office as a matter of law) (citing *Thomas*, 290 S.W. at 153). The other two strands are not relevant because your question does not involve a body appointing one of its members to another office, and neither position at issue supervises the other.

Conflicting-loyalties incompatibility applies only to the holding of two public offices. *See Thomas*, 290 S.W. 152; Tex. Att'y Gen. Op. No. JC-0270 (2000) at 2 ("'conflicting loyalties' incompatibility does not prohibit an individual from holding two positions where one of those positions does not constitute an 'office'"). A mayor is an officer for purposes of the common-law doctrine of incompatibility. *See, e.g.*, Tex. Att'y Gen. Op. No. JC-0363 (2001) (concluding that mayor may not serve as director of a hospital district that has condemned property within the city). Thus, as a threshold matter, whether the doctrine applies here depends upon whether a purchasing agent who serves under section 262.0115 holds a public office.

Section 262.0115 of the Local Government Code provides in pertinent part as follows:

> (a) In a county with a population of more than 100,000, the commissioners court may employ a person to act as county purchasing agent. However, this section does not apply to a county

that has appointed a purchasing agent under Section 262.011 and that has not abolished the position as authorized by law.

(b) A purchasing agent employed under this section serves at the pleasure of the commissioners court.

. . . .

(d) Under the supervision of the commissioners court, the purchasing agent shall carry out the functions prescribed by law for a purchasing agent under Section 262.011 and for the county auditor in regard to county purchases and contracts and shall administer the procedures prescribed by law for notice and public bidding for county purchases and contracts.

(e) A county that has established the position of county purchasing agent under this section may abolish the position at any time. On the abolition of the position, the county auditor shall assume the functions previously performed by the purchasing agent.

TEX. LOC. GOV'T CODE ANN. § 262.0115 (Vernon Supp. 2004).

The decisive factor distinguishing a public officer from a public employee is "whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955) (citation omitted). Under section 262.0115 of the Local Government Code, a purchasing agent "shall carry out the functions prescribed by law for a purchasing agent under Section 262.011 . . . in regard to county purchases and contracts." TEX. LOC. GOV'T CODE ANN. § 262.0115(d) (Vernon Supp. 2004). A purchasing agent under section 262.011 is appointed by a special board to a two-year term and is authorized, among other things, to "purchase all supplies, materials, and equipment" and to "contract for all repairs to property" used by the county, except purchases and contracts that must be competitively bid. *Id.* § 262.011(d). Based on a purchasing agent's powers under section 262.011, you believe that a purchasing agent who serves under section 262.0115 of the Local Government Code is a public officer because he or she "has independent authority to enter into contracts on behalf of the County except where required to be made by bid." Request Letter, *supra* note 1, at 3.

Significantly, however, a section 262.0115 purchasing agent does not exercise authority independent of the commissioners court's control. Unlike a section 262.011 purchasing agent, a section 262.0115 purchasing agent is employed by and serves at the pleasure of the commissioners court, which may abolish the position at any time. *See* TEX. LOC. GOV'T CODE ANN. § 262.0115(a)-(b), (e) (Vernon Supp. 2004). Furthermore, section 262.0115 expressly provides that a purchasing agent employed under that section carries out his or her purchasing functions "[u]nder the supervision of the commissioners court." *Id.* § 262.0115(d). Given the commissioners court's

supervisory authority over the position, we conclude that a purchasing agent employed under section 262.0115 does not exercise sovereign functions independent of the control of others and therefore is not a public officer. *See Aldine Indep. Sch. Dist.*, 280 S.W.2d at 583.

You also suggest that a section 262.0115 purchasing agent must be an officer because that statute authorizes a commissioners court to delegate more authority to the purchasing agent than the court would otherwise be authorized to delegate to an employee who assists the court with purchasing. *See* Request Letter, *supra* note 1, at 3; Tex. Att'y Gen. Op. No. JC-0264 (2000) at 4-5 (commissioners court may not delegate purchasing duties except pursuant to express statutory authority). Although section 262.0115 may authorize a commissioners court to delegate some authority, the statute does not vest a purchasing agent with the power to exercise authority independent of the commissioners court's control.

Because a section 262.0115 purchasing agent does not hold a public office, the common-law doctrine of incompatibility does not prohibit the mayor from serving in that position, and the mayor would not automatically resign from his public office by accepting that employment. We note that you are concerned that the mayor's city duties may conflict with his ability to serve the county's interests, particularly because the Local Government Code provides that a purchasing agent may make cooperative purchases with the purchasing agent of a city in the county. *See* Request Letter, *supra* note 1, at 3-4; TEX. LOC. GOV'T CODE ANN. § 262.011(g) (Vernon Supp. 2004). Although the doctrine of incompatibility does not prohibit the mayor from serving as purchasing agent, the commissioners court may take into account any such concerns in selecting someone to fill the position or in supervising the purchasing agent, as it is required to do by section 262.0115's express terms. *See* TEX. LOC. GOV'T CODE ANN. § 262.0115(d) (Vernon Supp. 2004).

## S U M M A R Y

Neither article XVI, section 40 of the Texas Constitution, which prohibits dual office holding, nor the common-law doctrine of incompatibility prohibits a mayor who receives no emolument from serving as a county purchasing agent employed under section 262.0115 of the Local Government Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee